UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN POSTAL WORKERS UNION, AFL-CIO, ) ) ) ) Plaintiff, ) ) v. ) ) UNITED STATES POSTAL SERVICE ) ) Defendant. ) ) | Case No. 1:09-cv-01217 (ESH) Case No. 1:09-cv-01218 (ESH) |

**PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEYS' FEES, COSTS AND EXPENSES**

We file this Reply to clarify three points:

1. The APWU has invoked section 2412(b) of the Equal Access to Justice Act (EAJA), not section 2412(d) of the EAJA. Plaintiff does not contend that it is eligible for an award of fees under section 2412(d).[1] Thus, Defendant's discussion of the "substantially justified" standard and its contention that Plaintiff was required to discuss that standard (Opposition at 7-8) is inapposite. As explained in Plaintiff's Memorandum in support of our Motion, Plaintiff is entitled to an award of fees and expenses because the Postal Service acted in bad faith. That is true whether the court applies common law standards or section 2412(b) of the EAJA. 28 U.S.C. § 2412(d)

---

[1] To claim fees under 28 U.S.C. § 2412(d), an organization must have had a net worth of less than $7 million at the time the civil action was filed. 28 U.S.C. § 2412(d)(2)(B).

1

2.     The Postal Service errs (Opposition at 10) when it contends that Plaintiff must show "that the Postal Service's position is meritless…*and* that the government acted out of an improper purpose, such as harassment or delay."[2]  This is the standard applied by the U.S. Court of Appeals for the Second Circuit, but it has not been adopted by the D.C. Circuit.

In the Second Circuit,

> …to award fees under the bad faith exception a court must find clear evidence that the losing party's claims were "entirely without color and made for reasons of harassment or delay or for other improper purposes… The test is conjunctive and neither meritlessness alone nor improper purpose alone will suffice"
> *Sierra Club v United states Army Corps of Engineers,* 776 F.2d 383, 390 (2nd Cir. 1985)

Sierra Club v. United States Army Corps of Engineers, 776 F.2d 383, 390 (2d Cir. 1985).

Courts in the D.C. Circuit may award attorney's fees "where a case was in bad faith, vexatious wanton or undertaken for oppressive reasons justifying the imposition of attorney's fees" Wash. Hosp. Ctr v. Serv. Employees Int'l Union*,* 746 F.2d 1503, 1509 (D.C. 1984) (citing Nat'l Ass'n of Letter Carriers v. United States Postal Serv. 590 F.2d 1171 (D.C. Cir. 1978). Under this standard it has been established that a court may find the conduct of the losing party vexatious without a finding of subjective intent. Id. at 1509-1510 (Citing Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 421 (1978)).

---

[2] Defendant errs in comparing itself to the "government" because Congress has waived the Postal Service's sovereign immunity.  See 39 U.S.C. § 401(a) giving the Postal Service the power to sue and be sued.  The Postal Service is an "independent establishment of the executive branch of the Government of the United States." 39 U.S.C. § 201.

3. Finally, we observe that Defendant errs by complaining that the "Union has not established why it should be paid higher than the rate established by the United States Attorney's Office." Plaintiff's Motion for fees is seeking fees only at rates established under the Laffey Matrix. Counsel's Declaration ¶ 7 and Exhibit A to that Declaration.

For these reasons, and for the reasons stated in Plaintiff's Memorandum in Support of its Motion, Plaintiff should be awarded fees, expenses and costs in this case.

Dated: April 28, 2010              Respectfully submitted,

                                   O'DONNELL, SCHWARTZ & ANDERSON, P.C.

                                   _____/s/_____
                                   Darryl J. Anderson
                                   DC Bar No. 154567
                                   1300 L Street, NW, Suite 1200
                                   Washington, DC 20005
                                   202-898-1707 (telephone)
                                   202-682-9276 (facsimile)
                                   danderson@odsalaw.com

                                   *Attorney for Plaintiff*